# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Aboubacar CONDE,                        :

                                    :

Petitioner,                             :

                                    :        PETITION FOR
                                    :        WRIT OF HABEAS
                                             CORPUS
                                    :

v.                                      :        No. 25-6551

                                    :

JAMAL L. JAMISON, in his                :
official capacity as the Facility       :
Administrator of the
Philadelphia Federal Detention          :
Center, et al.,                         :

Respondents.                            :

### MEMORANDUM

Petitioner Aboubacar Conde filed this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Mr. Conde is currently detained by

1

Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA").  8 U.S.C. § 1225(b)(2).  Mr. Conde alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person who has been living in the United States since December 2023, Mr. Conde argues that he should have been detained, if at all, under Section 236 of the INA.  8 U.S.C. § 1226(a).  Consequently, he asserts that he is entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Conde's Petition.  At least 350 decisions from district courts[1]—including seven other members of this court—find that the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful.  *See Demirel v. Fed. Det. Ctr. Phila., et al.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (attaching an appendix

---

[1] *See Barco Mercado v. Francis*, No. 25-6582, slip op. at 9-10 & n.22 (S.D.N.Y. Nov. 26, 2025) (counting 350 cases decided by over 160 different judges granting habeas relief to similar Petitioners).

citing 282 decisions rejecting Respondents' interpretation of the INA); *see also Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr., et al.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Buele Morocho v. Jamison, et al.*, No. 25-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025); *Juarez Velazquez v. O'Neill, et al.*, No. 25-6191, slip. op. (E.D. Pa. Dec. 3, 2025).   I agree with the reasoning of my colleagues and these other district courts.[2]   Mr. Conde's Petition is **GRANTED**.

## I.   BACKGROUND

Mr. Conde is a citizen of Guinea.  Petition, ECF No. 1, ¶ 22.  He experienced political persecution in his home country due to his

---

[2] Because the Court finds that Mr. Conde's detention without a bond hearing violates the INA, the Court does not address Mr. Conde's arguments that his detention also violates the Administrative Procedure Act and the Due Process Clause. *Id.* at 19-22.

opposition to the current Guinean government following the 2021 coup d'état. *Id.* ¶ 23. He publicly advocated for the democratic process and the right to be free from armed political violence and dissolution of the constitution and government of Guinea. *Id.* ¶ 24. As a result of his advocacy, Mr. Conde faced targeted threats from state actors. *Id.* ¶ 25. On or about December 1, 2023, Mr. Conde fled to the United States to seek safety and protection. *Id.* ¶ 30.

Upon his entry to the United States, Mr. Conde was arrested by Department of Homeland Security agents, then released on his own recognizance pending removal proceedings. *Id.*, Ex. B. Following his release and parole, Mr. Conde has regularly attended routine supervision appointments with immigration officials. *Id.* ¶ 27. Mr. Conde timely and lawfully filed for asylum in September 2024 with the Philadelphia Immigration Court. *Id.* ¶ 28. As far as the Court knows, Mr. Conde has not violated the terms of his release in any way and has never engaged in criminal activity. *Id.* ¶ 28, 30.

On or about November 19, 2025, while he was attending a routine immigration supervision appointment, Respondents took Mr. Conde into custody. *Id.* ¶ 32. He is currently being held at the Philadelphia Federal Detention Center. *Id.* ¶ 33.

On November 20, 2025, Mr. Conde filed the instant Petition, seeking his release or, in the alternative, the scheduling of a bond hearing. *Id.* at 22. Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 5.

## II.   DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Conde's claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none of these statutes are applicable to the instant Petition. *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4. There is no jurisdictional bar to reviewing Mr. Conde's Petition.

Respondents also assert that this Court should dismiss Mr. Conde's claims because of his failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of Mr. Conde's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is

unlawful.[3] I concur with my colleagues that it is. Both the plain meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the conclusion that the provision does not apply to noncitizens residing within the United States. *Demirel*, 2025 WL 3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7. Respondents can detain Mr. Conde, if at all, under 8 U.S.C. § 1226(a).[4] *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5. Noncitizens detained pursuant to Section 1226(a) are entitled to apply for release on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527

---

[3] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

[4] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c). 8 U.S.C. § 1226(a).

(2021). Therefore, Mr. Conde's detention without opportunity for a bond hearing violates the INA.

## III.  REMEDY

As Judge Wolson did, I will order the release of Mr. Conde because he was unlawfully detained without a bond hearing as required by Section 1226(a). *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained— though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.")) I will also permanently enjoin the Government from re-detaining Mr. Conde under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective. If Mr. Conde is later detained under Section 1226(a), the Government must provide Mr. Conde with notice and an opportunity to be heard at a bond hearing before an Immigration Judge,

who will assess whether he poses a flight risk or a danger to the community.

## IV.  CONCLUSION

I will grant Mr. Conde's Petition for the same reasons as my colleagues on this Court.  Mr. Conde's mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful.  An appropriate order accompanying this opinion follows.


s/ANITA B . BRODY, J.
ANITA B. BRODY, J.
December 5, 2025